1  RAMZY PAUL LADAH
Nevada Bar No. 11405
2  ANTHONY ASHBY
Nevada Bar No. 4911
3  JOSEPH C. CHU
Nevada Bar No. 11082
4  **LADAH LAW FIRM**
517 S. Third Street
5  Las Vegas, NV 89101
litigation@ladahlaw.com
6  T: 702.252.0055
F: 702.248.0055
7  *Attorneys for Plaintiffs Jane Doe and Joann Doe*



8

9  **UNITED STATES DISTRICT COURT**

10  **DISTRICT OF NEVADA**

| | |
|---|---|
| JANE DOE, individually, and as parent and natural guardian for JOANN DOE, a minor; | Case No.: 2:16-cv-01696-JAD-PAL |
| Plaintiffs, | |
| vs. | **SECOND AMENDED COMPLAINT** |
| FAUSTO BARRAZA-BALCAZAR; CLARK COUNTY SCHOOL DISTRICT; DOES 1 through 20; ROE CORPORATIONS 1 through 20, | |
| Defendants. | |

18  Plaintiff JANE DOE, as parent and natural guardian for Plaintiff JOANN DOE, a minor,

19  by and through their attorneys, the LADAH LAW FIRM, for JOANN DOE's causes of action

20  against Defendants, and each of them, allege and complain as follows:

## JURISDICTION

22  1.  Plaintiff JOANN DOE, age 13 (thirteen), is, and at all times relevant hereto, was a

23  resident of the County of Clark, State of Nevada.

24  2.  Plaintiff JANE DOE, the mother of minor JOANN DOE, is, and at all times

25  relevant hereto, was a resident of the County of Clark, State of Nevada.

26  3.  Defendant CLARK COUNTY SCHOOL DISTRICT ("CCSD") is, and at all

27  times relevant hereto, was a political subdivision of the State of Nevada.

28

4.     Upon information and belief, FAUSTO BARRAZA-BALCAZAR ("BARRAZA-BALCAZAR") is, and at all times relevant hereto, was a resident of the County of Clark, State of Nevada.

5.     Doe Defendants 1-10 are or were officials, supervisors, administrators and/or in a supervisory or management position at CCSD who had authority to address the harassment, discrimination, abuse and/or molestation alleged herein and, moreover, had authority to institute corrective measures on CCSD's behalf.  At all times relevant hereto, Does 1-10 were residents of the County of Clark, State of Nevada, were acting under the color of law and were employees of CCSD.

6.     Doe Defendants 11-20 are or were CCSD personnel subject to training by officials, supervisors, administrators and/or in a supervisory or management position at CCSD, including but not limited to Doe Defendants 1-10.  Doe Defendants 11-20 also had authority to address the harassment, discrimination, abuse and/or molestation alleged herein and, moreover, had authority to institute corrective measures on CCSD's behalf.  At all times relevant hereto, Does 11-20 were residents of the County of Clark, State of Nevada, were acting under the color of law and were employees of CCSD.

7.     The true names or capacities, whether individual, corporate, associate, or otherwise of Doe Defendants 1-20, inclusive, and Roe Corporations 1-20 (collectively with CCSD, BARRAZA-BALCAZAR and Doe Defendants 1-20, "Defendants"), inclusive, are presently unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed, believe and based thereon allege that each of the defendants designated herein as a Doe and/or Roe Corporation is negligently responsible in some manner for the events and happenings herein referred to and negligently caused injuries and damages proximately thereby to Plaintiffs as herein alleged.  Plaintiffs will ask leave of Court to amend this Second Amended Complaint to insert the true names and capacities of Doe Defendants 1-20, inclusive, and Roe Corporations 1-20, inclusive, when the same have been ascertained by Plaintiffs, together with appropriate charging allegations, and to join such defendants in this action.

8.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that it asserts an alleged violation of Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681) and an alleged violation of the Civil Rights Act of 1871 (42 U.S.C. § 1983), and therefore a federal question.

**GENERAL ALLEGATIONS**

9.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

10.     At all times relevant hereto, JOANN DOE was a student at JEROME D. MACK MIDDLE SCHOOL, which was located in the County of Clark, State of Nevada, and was part of CCSD.  JOANN DOE attended JEROME D. MACK MIDDLE SCHOOL for the entirety of the 2014-2015 and 2015-2016 school years, up until on or about May 11, 2016.

11.     JOANN DOE suffers from severe autism, and possesses the intellectual, mental and emotional capacity of a five-year-old, and therefore exclusively attended Special Education courses while attending JEROME D. MACK MIDDLE SCHOOL.

12.     As a result of her severe autism, JOANN DOE is mentally, emotionally and developmentally impaired, thereby substantially limiting her ability to perform major life activities.

13.     CCSD, a government entity, owns and/or operates JEROME D. MACK MIDDLE SCHOOL.

14.     At all times relevant hereto, BARRAZA-BALCAZAR was a teacher acting under the color of law and was an employee of CCSD, working as a Special Programs Teacher Assistant at JEROME D. MACK MIDDLE SCHOOL, and other CCSD schools, until on or about May 11, 2016.

15.     BARRAZA-BALCAZAR has been employed by CCSD since 2011.

16.     JEROME D. MACK MIDDLE SCHOOL personnel, pursuant to policy, custom and/or practice, ensure that at least two members of school personnel are present inside the

1  school's Special Education classrooms at all times in which Special Education students are

2  present therein.

3      17.    JEROME D. MACK MIDDLE SCHOOL contains a laundry room which is used

4  by school personnel and students, including Special Education students, for a variety of laundry-

5  related activities.

6      18.    JEROME D. MACK MIDDLE SCHOOL personnel, pursuant to accepted and

7  adopted custom and practice, does not ensure that two or more members of school personnel are

8  present inside the laundry room at all times in which Special Education students are present

9  therein.  Rather, pursuant to accepted and adopted custom and practice, a single member of

10 school personnel is permitted to be alone in the laundry room with one or more Special

11 Education students.

12     19.    Pursuant to accepted and adopted custom and practice, at all times in which a

13 single member of JEROME D. MACK MIDDLE SCHOOL personnel is alone in the laundry

14 room with one or more Special Education students, the laundry room door remains fully closed.

15     20.    Pursuant to, and as a result of, the aforementioned accepted and adopted customs

16 and practices, BARRAZA-BALCAZAR was frequently permitted to be alone in the laundry

17 room with one or more Special Education students, including JOANN DOE, while the laundry

18 room door was fully closed.

19     21.    Pursuant to, and as a result of, the aforementioned accepted and adopted customs

20 and practices, BARRAZA-BALCAZAR was alone in the laundry room on at least two occasions

21 daily with one or more Special Education students, like JOANN DOE, with the laundry room

22 door fully closed.  On those twice-daily occasions, BARRAZA-BALCAZAR was typically alone

23 in the laundry room with one or two Special Education students, only.

24     22.    Neither CCSD, nor Doe Defendants 1-20, nor any members of JEROME D.

25 MACK MIDDLE SCHOOL personnel supervised or monitored BARRAZA-BALCAZAR's

26 activities in the laundry room.

27     23.    On or about May 10, 2016, BARRAZA-BALCAZAR was alone in the JEROME

28 D. MACK MIDDLE SCHOOL laundry room with JOANN DOE with the laundry room door

4

1  fully closed, whereupon he forcibly pressed JOANN DOE against a washing machine and tightly

2  pressed the front of his body, from the chest area down to the thighs, against the rear of JOANN

3  DOE's body, while placing his hands on the wall above JOANN DOE's head.  There was no

4  separation between BARRAZA-BALCAZAR's and JOANN DOE's bodies.  This act of sexual

5  abuse and/or molestation was interrupted, and witnessed, by another JEROME D. MACK

6  MIDDLE SCHOOL teacher.  Said witnessing teacher subsequently reported that when she

7  entered the laundry room and observed BARRAZA-BALCAZAR's sexually abusive and/or

8  molesting act, BARRAZA-BALCAZAR looked startled and JOANN DOE abruptly ran to the

9  restroom.

10       24.       Said witnessing teacher further reported that, upon JOANN DOE's return to the

11  classroom following the above-described incident, JOANN DOE would not look her teacher in

12  the face, did not want to talk to her teacher, and did not interact with her teacher for the duration

13  of the day.  Said witnessing teacher described these behaviors as "unusual for [JOANN DOE]."

14       25.       Although said witnessing teacher observed BARRAZA-BALCAZAR's above-

15  described sexually abusive and/or molesting act at approximately 1:45 p.m., she did not report

16  this incident to the school's principal until approximately 5:00 p.m., at which point she reported

17  the incident via text message.  JANE DOE was not notified of this incident by JEROME D.

18  MACK MIDDLE SCHOOL personnel until the following day.

19       26.       On or about May 11, 2016, BARRAZA-BALCAZAR was discharged from

20  JEROME D. MACK MIDDLE SCHOOL for harassing, discriminating against, sexually abusing

21  and/or molesting JOANN DOE and, upon information and belief, other JEROME D. MACK

22  MIDDLE SCHOOL Special Education students.

23       27.       On or about June 13, 2016, and as a result of BARRAZA-BALCAZAR's above-

24  described sexual conduct/relations with JOANN DOE, BARRAZA-BALCAZAR was arrested

25  and charged with one count of lewdness with a child under the age of 14, a category A felony,

26  pursuant to NRS 201.230(2).

27

28

28. On or about June 15, 2016, an amended criminal complaint was filed in Las Vegas Justice Court, charging BARRAZA-BALCAZAR with three additional felony counts of lewdness with a child under the age of 14, pursuant to NRS 201.230(2).

29. The amended criminal complaint asserts that BARRAZA-BALCAZAR, on or between August 1, 2015 to May 10, 2016, "did willfully, lewdly, unlawfully, and feloniously commit a lewd or lascivious act upon or with the body, or any part or member thereof, of a child, to-wit: [JOANN DOE], a child under the age of fourteen years, by [BARRAZA-BALCAZAR] pressing his crotch up against [JOANN DOE]'s buttocks, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [BARRAZA-BALCAZAR], or [JOANN DOE].

30. The amended criminal complaint further asserts that BARRAZA-BALCAZAR, on or between August 1, 2015 to May 10, 2016, "did willfully, lewdly, unlawfully, and feloniously commit a lewd or lascivious act upon or with the body, or any part or member thereof, of a child, to-wit: [JOANN DOE], a child under the age of fourteen years, by [BARRAZA-BALCAZAR] grabbing and/or groping the breasts of [JOANN DOE], with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [BARRAZA-BALCAZAR], or [JOANN DOE].

31. The amended criminal complaint further asserts that BARRAZA-BALCAZAR, on or between August 1, 2015 to May 10, 2016, "did willfully, lewdly, unlawfully, and feloniously commit a lewd or lascivious act upon or with the body, or any part or member thereof, of a child, to-wit: [JOANN DOE], a child under the age of fourteen years, by [BARRAZA-BALCAZAR] touching and/or rubbing and/or fondling the genital area of [JOANN DOE], with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [BARRAZA-BALCAZAR], or [JOANN DOE].

32. Prior to his date of discharge from JEROME D. MACK MIDDLE SCHOOL, BARRAZA-BALCAZAR had engaged in an ongoing and persistent pattern of harassing, discriminating against, sexually abusing and/or molesting JOANN DOE, including, without limitation, forcibly touching, groping, rubbing and/or fondling JOANN DOE in and around her

buttocks, chest and private parts, pressing his crotch up against JOANN DOE's buttocks, and instructing JOANN DOE to change her clothing in his presence.

33.    BARRAZA-BALCAZAR's repeated acts of harassment, discrimination, sexual abuse and/or molestation inflicted upon JOANN DOE, including without limitation, those acts specifically alleged herein, each occurred on the premises of JEROME D. MACK MIDDLE SCHOOL, during school operating hours, and were performed within the course and scope of BARRAZA-BALCAZAR's employment with CCSD.

34.    Prior to May 10, 2016, BARRAZA-BALCAZAR repeatedly threatened JOANN DOE and ordered JOANN DOE to keep BARRAZA-BALCAZAR's acts of harassment, discrimination, sexual abuse and/or molestation secret, or else, as BARRAZA-BALCAZAR threatened, JOANN DOE would suffer additional abusive consequences inflicted by BARRAZA-BALCAZAR, including, without limitation, physical harm to JOANN DOE and JANE DOE.

35.    As a result of BARRAZA-BALCAZAR's threats and demands of secrecy to JOANN DOE, and as a further result of JOANN DOE's severe developmental and mental disabilities, JOANN DOE did not report BARRAZA-BALCAZAR's harassing, discriminatory, sexually abusive and/or molesting actions until on or about May 11, 2016, when she was questioned by a detective from the Clark County School District Police Department.

36.    As a result of Defendants' acts and/or failures to act, JOANN DOE was placed in great apprehension of offensive contact, assault, battery, sexual seduction, sexual harassment and emotional distress.

37.    According to an August 24, 2015 article published by the Las Vegas Sun, more than 50 CCSD employees were arrested for alleged sexual misconduct between 1994 and 2005. According to the same article, more than 30 CCSD employees were arrested for alleged sexual misconduct between 2005 and 2015.

38.    According to a June 5, 2015 article published by Channel 3 News (KSNV), seven CCSD employees were arrested for sex crimes involving children between January 1, 2015 and June 5, 2015.

39.     According to a June 9, 2016 article published by Channel 8 News (KLAS), at least 10 CCSD employees who worked with students were arrested during the 2015-2016 schoolyear, "most of them for having sexual relationships with children."

40.     CCSD's policies, customs and/or practices, and implementation and enforcement thereof, have failed to discourage teachers from engaging in sexual relations and/or improper sexual contact with students.  Additionally, CCSD has intentionally and/or negligently failed to establish, facilitate and inform students about, or train them how to use, a confidential complaint program that would give students – including, and especially, Special Education students – a venue for and means of reporting and taking action against discriminatory and/or abusive staff and faculty members, like BARRAZA-BALCAZAR.

41.     Doe Defendants 1-20 failed to effectively and sufficiently exercise their authority and/or training to address the harassment, discrimination, sexual abuse and/or molestation alleged herein to institute and/or enforce corrective measures on CCSD's behalf, even though it was reasonably foreseeable under the facts and circumstances that Special Education students with developmental and mental disabilities, like JOANN DOE, are the students most vulnerable and susceptible to unreported acts of harassment, discrimination, sexual abuse and/or molestation inflicted by CCSD employees with unsupervised and enclosed access to said students, like BARRAZA-BALCAZAR.

42.     CCSD and Doe Defendants 1-20 failed to effectively and sufficiently exercise their authority to train CCSD employees specifically pertaining to the prevention, detection, and reporting of acts (or suspected acts) of harassment, discrimination, sexual abuse and/or molestation inflicted on Special Education students.

43.     Plaintiffs have been forced to retain the services of an attorney to prosecute this action, and are, therefore, entitled to an award of reasonable attorneys' fees, costs of suit incurred, and punitive damages.

. . .

. . .

. . .

# FIRST CAUSE OF ACTION

## (Negligence as to all Defendants)

44.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

45.     During her time as a student at JEROME D. MACK MIDDLE SCHOOL, JOANN DOE was forcibly subjected to repeated acts of discrimination, harassment, sexual abuse and/or molestation inflicted by BARRAZA-BALCAZAR.

46.     At all times relevant hereto, JOANN DOE exercised due care and caution for her own safety.

47.     At all times relevant hereto, CCSD owed a duty to JOANN DOE, and to all JEROME D. MACK MIDDLE SCHOOL students – including, and especially, Special Education students – to maintain the premises in a safe and secure fashion so that JOANN DOE and all other students would not be subjected to physical and emotional injuries from perils known or unknown.

48.     At all times relevant hereto, CCSD knew, or in the exercise of reasonable care, should have known that BARRAZA-BALCAZAR's sexual conduct/relations with students was egregious, constituting a danger to JOANN DOE and other students – including, and especially, Special Education students – but CCSD carelessly and negligently failed to take reasonable precautions to prevent BARRAZA-BALCAZAR's above-described sexual conduct/relations with JOANN DOE and other students.

49.     Based on the nature and scope of BARRAZA-BALCAZAR's employment with CCSD and his unsupervised access to Special Education students, and further considering that Special Education students with developmental and mental disabilities, like JOANN DOE, are the students most vulnerable and susceptible to unreported acts of harassment, discrimination, sexual abuse and/or molestation inflicted by CCSD employees, it was reasonably foreseeable to Defendants, under the facts and circumstances, that BARRAZA-BALCAZAR would sexually abuse, harass and/or molest JOANN DOE.

50.     Defendants negligently and/or carelessly operated, managed and controlled CCSD schools, including but not limited to JEROME D. MACK MIDDLE SCHOOL, which resulted in BARRAZA-BALCAZAR's unsupervised access to JOANN DOE, enabling BARRAZA-BALCAZAR to harass, sexually abuse, molest, assault and batter JOANN DOE, thereby proximately causing injuries and damages to JOANN DOE as alleged herein.

51.     The aforementioned acts of Defendants, and each of them, were conducted in a wanton, willful, malicious manner, with conscious disregard for JOANN DOE's rights. The aforementioned acts of Defendants, and each of them, should be assessed punitive or exemplary damages.

52.     Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys' fees and litigation costs.

## SECOND CAUSE OF ACTION

### (Assault/Battery against BARRAZA-BALCAZAR)

53.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

54.     In committing the acts alleged above, BARRAZA-BALCAZAR acted with the intent to make unwanted contact with JOANN DOE's person.

55.     As a result of the aforementioned wrongful conduct, JOANN DOE has suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow and depression.

56.     The aforementioned acts of BARRAZA-BALCAZAR were willful, wanton, malicious, oppressive and should be assessed punitive or exemplary damages.

57.     Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys' fees and litigation costs.

. . .

. . .

. . .

**THIRD CAUSE OF ACTION**

**(Sexual Assault against BARRAZA-BALCAZAR)**

58.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

59.     In committing the acts alleged above, BARRAZA-BALCAZAR acted with intent to commit sexual assault on JOANN DOE's person.

60.     BARRAZA-BALCAZAR knew, or should have known that JOANN DOE, due to her age and severe developmental and mental disabilities, was mentally and physically incapable of understanding and/or resisting the nature of BARRAZA's wrongful conduct.

61.     As a result of the foregoing wrongful conduct, JOANN DOE has suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow and depression.

62.     The acts of BARRAZA-BALCAZAR were willful, wanton, malicious, oppressive and should be assessed punitive or exemplary damages.

63.     Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys' fees and litigation costs.

**FOURTH CAUSE OF ACTION**

**(Violation of 20 U.S.C. § 1681 *et. seq.* against CCSD)**

64.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

65.     In committing the acts alleged above, CCSD violated Title IX of the Educational Amendments of 1972, which denied JOANN DOE the benefits of, and subjected her to discrimination, harassment and abuse under, an educational program or activity that received federal financial assistance.

66.     CCSD's conduct constituted deliberate indifference to actual knowledge of a substantial risk of abuse and harassment to JOANN DOE.  Such abuse and harassment was pervasive, severe, objectively offensive and created a hostile climate based on sex.

67.     As a direct and proximate result of CCSD's foregoing wrongful conduct, JOANN DOE has suffered damages, extreme physical and emotional distress and harm.  Further, CCSD's conduct deprived JOANN DOE of access to the educational opportunities and benefits of CCSD, in violation of Title IX.

68.     The aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for JOANN DOE's rights.

69.     The acts of CCSD should therefore be assessed punitive or exemplary damages.

70.     Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys' fees and litigation costs.

**FIFTH CAUSE OF ACTION**

**(Violation of 42 U.S.C. § 1983 against CCSD and Doe Defendants)**

71.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

72.     Schoolchildren, like JOANN DOE, have a constitutional right to personal security and bodily integrity, including the right to be free from sexual abuse and molestation at the hands of public school employees, like BARRAZA-BALCAZAR.

73.     BARRAZA-BALCAZAR's contact with JOANN DOE came only from his position as a CCSD-employed teacher's aide, and thus he was acting under color of law when he sexually abused and/or molested JOANN DOE.

74.     By permitting BARRAZA-BALCAZAR to regularly be alone in the laundry room with one or more Special Education students with the laundry room door fully closed, CCSD and Doe Defendants 1-20 tolerated a custom or practice at JEROME D. MACK MIDDLE SCHOOL that led to, caused, or resulted in the deprivation of JOANN DOE's constitutionally-protected rights.

75.      BARRAZA-BALCAZAR sexually abused and/or molested JOANN DOE while acting pursuant to an accepted and adopted custom and practice which called for him to regularly be alone with Special Education students, like JOANN DOE, in an unsupervised and enclosed setting.

76.      By accepting and adopting a custom or practice permitting BARRAZA-BALCAZAR to regularly be alone in the laundry room with one or more Special Education students with the laundry room door fully closed, CCSD and Doe Defendants 1-20 made a conscious choice to follow a course of action among various, far safer alternatives, reflecting a deliberate indifference to the constitutional rights of said students, including JOANN DOE.

77.      CCSD and Doe Defendants 1-10 are liable for the constitutional injuries inflicted on JOANN DOE by BARRAZA-BALCAZAR because CCSD and Doe Defendants 1-10 had no system or mechanism in place to supervise, monitor or control BARRAZA-BALCAZAR's activities in the laundry room, reflecting a deliberate indifference to JOANN DOE's constitutional rights.

78.      By failing to adequately supervise, monitor and control their subordinates who, pursuant to an accepted and adopted custom and practice were regularly permitted to be alone with Special Education students in an unsupervised and enclosed setting, CCSD and Doe Defendants 1-10 set in motion a series of acts by others which CCSD and Doe Defendants 1-10 knew or should have known would cause others to inflict a constitutional injury, such as that inflicted on JOANN DOE by BARRAZA-BALCAZAR.

79.      By failing to adequately train their subordinates regarding the prevention, detection, and reporting of acts (or suspected acts) of sexual abuse and/or molestation inflicted on students, CCSD and Doe Defendants 1-10 set in motion a series of acts by others which CCSD and Doe Defendants 1-10 knew or should have known would cause others to inflict a constitutional injury, such as that inflicted on JOANN DOE by BARRAZA-BALCAZAR.

80.      Despite CCSD's and Doe Defendants' 1-10 awareness of Special Education students' increased vulnerabilities to acts of sexual abuse and/or molestation, CCSD and Doe Defendants 1-10 failed to adequately train their subordinates specifically pertaining to the

prevention, detection, and reporting of acts (or suspected acts) of sexual abuse and/or molestation inflicted on Special Education students, thereby setting in motion a series of acts by others which CCSD and Doe Defendants 1-10 knew or should have known would cause others to inflict a constitutional injury, such as that inflicted on JOANN DOE by BARRAZA-BALCAZAR.

81.     There was an obvious need for CCSD and Doe Defendants 1-10 to provide training specifically geared towards preventing, detecting, and reporting acts (or suspected acts) of sexual abuse and/or molestation of students with developmental and mental disabilities, such as JOANN DOE, and the sexual abuse and/or molestation inflicted upon JOANN DOE was a highly predictable consequence of CCSD's Doe Defendants' 1-10 failure to provide such training.

82.     The failure of CCSD and Doe Defendants 1-10 to provide training specifically geared towards preventing, identifying and reporting acts (or suspected acts) of sexual abuse and/or molestation of students with developmental and mental disabilities, such as JOANN DOE, was so likely to result in a violation of said students' constitutional rights that the need for such training was patently obvious.   CCSD's and Doe Defendants' 1-10 failure to train their subordinates in this respect evidences a deliberate indifference to the rights of students, particularly Special Education students with developmental and mental disabilities, like JOANN DOE.

83.     In light of the recent and extensive pattern of CCSD employees engaging in sexual misconduct and sexual relationships with students, CCSD and Doe Defendants 1-10 knew or should have known that their sexual misconduct-related training practices, if any, were insufficient and/or ineffective, yet CCSD and Doe Defendants 1-10 failed to take adequate remedial steps to cure the same.

84.     As a direct and proximate result of CCSD's and Doe Defendants' 1-20 foregoing wrongful conduct and constitutional violations, JOANN DOE has suffered damages, extreme physical and emotional distress and harm.

85.     Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys' fees and litigation costs under 42 U.S.C. § 1988.

### SIXTH CAUSE OF ACTION

**(Negligent Hiring, Retention, Supervision against CCSD and Doe Defendants)**

86.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

87.     CCSD and Doe Defendants 1-10 were responsible for the hiring, training, retention, supervision and control of CCSD employees, including BARRAZA-BALCAZAR and Doe Defendants 11-20, and as a direct and proximate result of CCSD's and Doe Defendants 1-10's negligence in hiring, training, retaining, supervising and controlling CCSD employees, including BARRAZA-BALCAZAR and Doe Defendants 11-20, JOANN DOE suffered injuries and damages as alleged herein.

88.     Based on the nature and scope of BARRAZA-BALCAZAR's employment with CCSD and his unsupervised access to Special Education students, and further considering that Special Education students with developmental and mental disabilities, like JOANN DOE, are the students most vulnerable and susceptible to unreported acts of harassment, discrimination, sexual abuse and/or molestation inflicted by CCSD employees, it was reasonably foreseeable to CCSD and Doe Defendants 1-20, under the facts and circumstances, that BARRAZA-BALCAZAR would sexually abuse, harass and/or molest JOANN DOE.

89.     CCSD and Doe Defendants 1-10 have failed to adopt, administer and/or enforce adequate procedures to protect students from sexual abuse and/or molestation.

90.     CCSD and Doe Defendants 1-10 failed to adequately train CCSD personnel, including but not limited to Doe Defendants 11-20, in recognizing and evaluating potential or actual child harassers and abusers.

91.     CCSD and Doe Defendants 1-20 failed to use reasonable care to protect students – including, and especially, Special Education students – from sexual abuses and/or molestation inflicted by CCSD personnel.

92.     As a result of the foregoing wrongful conduct, JOANN DOE has suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow and depression.

93.     As a direct and proximate result of the actions of CCSD and Doe Defendants 1-10 and their failure to exercise reasonable care in the hiring, training, retention and supervision of CCSD employees, JOANN DOE suffered the damages and injuries as alleged herein.

94.     The aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for JOANN DOE's rights.  The acts of CCSD and Doe Defendants 1-20, and each of them, should therefore be assessed punitive or exemplary damages.

95.     Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys' fees and litigation costs.

## SEVENTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress against BARRAZA-BALCAZAR, CCSD and Doe Defendants)**

96.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

97.     The actions of Defendants as described herein constitute negligent infliction of emotional distress, emotionally impacting JOANN DOE and causing JOANN DOE to suffer shock and emotional distress as a direct and proximate result of the actions described herein.

98.     Based on the nature and scope of BARRAZA-BALCAZAR's employment with CCSD and his unsupervised access to Special Education students, and further considering that Special Education students with developmental and mental disabilities, like JOANN DOE, are the students most vulnerable and susceptible to unreported acts of harassment, discrimination, sexual abuse and/or molestation inflicted by CCSD employees, it was reasonably foreseeable to

CCSD and Doe Defendants 1-20, under the facts and circumstances, that BARRAZA-BALCAZAR would sexually abuse, harass and/or molest JOANN DOE.

99.     As a result of the negligent infliction of emotional distress identified herein, JOANN DOE has been directly and proximately damaged.

100.    The aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for JOANN DOE's rights. The acts of Defendants, and each of them, should therefore be assessed punitive or exemplary damages.

101.    Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys' fees and litigation costs.

### EIGHTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress against BARRAZA-BALCAZAR, CCSD and Doe Defendants)**

102.    Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

103.    Defendants' acts and/or failures to act as described herein were outrageous, and intended to, or were in conscience disregard of the likelihood that the acts would, traumatize JOANN DOE.  The sexual assault, molestation and battery inflicted on JOANN DOE, as described herein, and her resulting physical and mental pain and suffering, humiliation and embarrassment caused JOANN DOE to suffer shock and emotional distress.

104.    Based on the nature and scope of BARRAZA-BALCAZAR's employment with CCSD and his unsupervised access to Special Education students, and further considering that Special Education students with developmental and mental disabilities, like JOANN DOE, are the students most vulnerable and susceptible to unreported acts of harassment, discrimination, sexual abuse and/or molestation inflicted by CCSD employees, it was reasonably foreseeable to CCSD and Doe Defendants 1-20, under the facts and circumstances, that BARRAZA-BALCAZAR would sexually abuse, harass and/or molest JOANN DOE.

105.   As a result of the acts of intentional emotional distress identified herein, JOANN DOE has been directly and proximately damaged.

106.   The aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for JOANN DOE's rights.  The acts of Defendants, and each of them, should therefore be assessed punitive or exemplary damages.

107.   Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys' fees and litigation costs.

## NINTH CAUSE OF ACTION

### (Vicarious Liability against CCSD)

108.   Plaintiffs repeat and reallege each and every allegation and fact contained in this Second Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

109.   Employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

110.   CCSD was the employer, master and principal of the remaining Defendants, and of other employees, agents, independent contractors and/or representatives, who negligently failed to maintain a safe and hazard-free school for students, including JOANN DOE.

111.   Based on the nature and scope of BARRAZA-BALCAZAR's employment with CCSD and his unsupervised access to Special Education students, and further considering that Special Education students with developmental and mental disabilities, like JOANN DOE, are the students most vulnerable and susceptible to unreported acts of harassment, discrimination, sexual abuse and/or molestation inflicted by CCSD employees, it was reasonably foreseeable to CCSD and Doe Defendants 1-20, under the facts and circumstances, that BARRAZA-BALCAZAR would sexually abuse, harass and/or molest JOANN DOE.

112.   As a direct and proximate result, JOANN DOE has been damaged as alleged herein.

113.    As a further direct and proximate result of Defendants' negligence, recklessness, deliberate indifference and failure to use due care, JOANN DOE has suffered intense physical, mental, and emotional pain, shock, humiliation, and embarrassment, all to their damage.

114.    The aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for JOANN DOE's rights.  The acts of Defendants, and each of them, should therefore be assessed punitive or exemplary damages.

115.    Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys' fees and litigation costs.

WHEREFORE, Plaintiffs, reserving the right to amend this Second Amended Complaint at or before the time of trial to include all causes of action and items of damage not yet ascertained, pray for relief and damages as follows:

1.    For general damages in excess of $10,000.00;

2.    For special damages in excess of $10,000.00;

3.    For punitive damages in an amount in excess of $10,000.00;

4.    For double damages pursuant to NRS 41.1395;

5.    For reasonable attorneys' fees and costs of suit herein;

6.    For prejudgment and post-judgment interest; and

7.    For any other relief as the Court may deem proper.

DATED this 7th day of September, 2016.

**LADAH LAW FIRM**

*/s/ Joseph C. Chu, Esq.*

RAMZY PAUL LADAH
Nevada Bar No. 11405
ANTHONY ASHBY
Nevada Bar No. 4911
JOSEPH C. CHU
Nevada Bar No. 11082
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiffs Jane Doe*
*and Joann Doe*