UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>Defendant. | Case No. 2:16-cv-01696-JAD-PAL<br><br>ORDER<br><br>(Mot Compromise – ECF No. 57) |

Before the court is Plaintiff's Motion for the Compromise of a Minor's Claim (ECF No. 57) filed under seal pursuant to the Court's Order (ECF No. 56).

**<u>BACKGROUND</u>**

The plaintiff is the mother of a minor child, Joann Doe, who alleges her daughter was assaulted when she was thirteen years old and enrolled at Jerome D. Mack Middle School as a special-education student. Joann has severe autism and the intellectual, mental, and emotional capacity of a five-year-old child. As part of its special-education curriculum, Mack teaches general life and household skills. These skills are taught in a hallway-like laundry room situated between two other classrooms with a door on either side, a washer and dryer, and a bathroom. The doors on either side have no windows, no locks, and will swing shut automatically unless propped open.

On May 10, 2016, defendant Fausto Barraza-Balcazar ("Barraza"), a special education teaching aide, took Joann and another female student into the laundry room to rotate the laundry from the washing machine to the dryer. While the other student went to the bathroom, Barraza positioned Joann up against the laundry appliances and pressed his body, from chest to thigh, against her backside. Joann's teacher, Natasha Thompson, walked into the laundry room and saw the profile of Barraza pressed up against Joann. Joann then ran into the bathroom. Thompson reported the incident that afternoon. Barraza was suspended the next day and terminated after an investigation. The Clark County District Attorney's Office charged Barraza with four counts of

1

lewdness with a child under the age of fourteen. Three of these charges were for incidents involving Joann, and the other for an incident involving another female student. Barraza eventually pled guilty to one count of attempted lewdness with a child under the age of fourteen.

After the close of discovery, CCSD moved for summary judgment on the majority of the claims. The plaintiff abandoned several of the claims, except those for negligence/negligent supervision; negligent infliction of emotional distress; and a *Monell*-based civil rights claim under 42 U.S.C. § 1983. In an Order (ECF No. 46) entered March 15, 2018, the district judge granted summary judgment in favor of CCSD on plaintiff's § 1983 and negligent infliction of emotional distress claims, but denied the motion for summary judgment on the negligence/negligent supervision claim. She found that there was a material issue of fact concerning whether CCSD breached its duty of care by permitting the aide to be alone with students after a prior reprimand for touching a student.

The district judge referred the matter to the undersigned to conduct a settlement conference. At a settlement conference conducted on May 30, 2018, a settlement was reached under essential terms memorialized in Minutes of Proceedings (ECF No. 54). A follow up telephonic status conference was set for June 21, 2018, at 11:00 a.m. At the status conference, counsel for the parties advised the court that the agreements had been drafted. However, plaintiff's counsel was still waiting to hear from Medicaid to determine whether there was any outstanding lien.

This motion was filed after counsel for plaintiff confirmed that Medicaid had not asserted a lien. All of the settlement and release documents have been executed, and plaintiff now seeks approval from the court to compromise the claim of the minor plaintiff. The total amount of the settlement reached with Clark County is $50,000.00. Counsel for plaintiff waived the firm's 40% contingency fee agreement and seeks no fees from the settlement proceeds. However, plaintiff seeks approval to apportion settlement proceeds to enable plaintiff's counsel to recover costs in the amount of $44,602.52 with the balance of $5,397.48 to be placed in a blocked trust account for distribution when minor reaches age 18. The motion to approve the minor's compromise states that plaintiff will provide proof of the establishment of a locked trust account containing the net settlement proceeds as described within 30 days of this court's order.

The motion is not supported by a memorandum of points and authorities. As explained below the Nevada Supreme Court has held that settlement of a minor's claim is not effective until approved by the district court upon a verified petition in writing. *Haley v Eighth Judicial District Court,* 128 Nev. 171, 173 (2012). A copy of the executed settlement agreement is not attached, and the court has no information supporting the $44,602.52 in costs for which plaintiff's counsel seeks reimbursement. The court also does not have a copy of any written fee agreement between plaintiff and counsel for plaintiff for attorney's fees and costs. The court will therefore deny the motion without prejudice to filing a verified petition which complies with applicable law governing compromise of the minor's claim. The verified petition should attach until counsel for a copy of the signed settlement agreement, documentation supporting the amount of the costs expended, and be supported by the affidavit of counsel attesting to the reasonableness and necessity for the costs incurred.

## **DISCUSSION**

The Ninth Circuit has held that district courts have a special duty under Rule 17(c) of the Federal Rules of Civil Procedure "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181–82 (9th Cir. 2011). Rule 17(c) specifically addresses actions on behalf of a minor or incompetent person, and it provides:

> (1) **With a Representative.** The following representatives may sue or defend on behalf of a minor or an incompetent person:
>    **(A)** A general guardian;
>    **(B)** A committee;
>    **(C)** A conservator; or
>    **(D)** A like fiduciary.
> (2) **Without a Representative**. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem— or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

In the context of proposed settlements and suits involving minor plaintiffs, the Ninth Circuit has held that district courts have a "special duty" that requires the court "to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor'." *Robidoux*, 638 F.3d at 1181 (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). The court must independently investigate and evaluate any compromise or settlement of a minor's claim to

3

assure itself that the minor's interests are protected, even if the settlement has been recommended and/or negotiated by the minor's parent or guardian ad litem. *Id.* Prior to the *Robidoux* decision federal courts in the Ninth Circuit typically applied state law and local rules governing the award of attorney's fees. *Id.* In *Robidoux*, however, the Ninth Circuit found that this approach "places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id.* There, the Ninth Circuit held the "district court's special duty to protect minor plaintiffs requires only that the district court consider whether the net recovery" to the minor is fair and reasonable, without regard to the amount plaintiffs agreed to pay plaintiffs' counsel. *Id.* at 1182. The Ninth Circuit concluded that if the net recovery to the minor plaintiff under the proposed settlement was fair and reasonable, "the district court should approve the settlement as presented, regardless of the amount the parties agreed to designate for adult co-plaintiffs and attorney's fees." *Id.*

In *Haley v. Eighth Judicial District Court*, 128 Nev. 171, 273 P.3d 855 (2012), the Nevada Supreme Court addressed the scope of the district court's authority to unilaterally modify a settlement agreement under NRS 41.200, Nevada's statute governing the compromise of a minor's claim. The Nevada Supreme Court concluded that the district judge may adjust the terms of the settlement in accordance with the minor's best interests because NRS 41.200 "leaves the allocation of fees and costs to the district court's discretion." *Id*. at 173, 273 P.3d at 857. NRS 41.200(1) provides that when a minor has a claim for money against a third person, either the minor's parents or a guardian ad litem has the right to compromise the claim. However, a compromise is not effective until approved by the district court upon a verified petition in writing. *Id.*

In *Haley*, the Nevada Supreme Court rejected the attorney/petitioner's position that the district court's authority to approve a compromise of a minor's claim merely "affords a district court narrow authority to approve a compromise in its entirety and to then determine where the money will be paid on behalf of the minor, as opposed to determining the amount the minor will receive." 128 Nev. at 176, 273 P.3d at 859. Rather, the Nevada Supreme Court found that the district court's approval of a minor's compromise "expressly encompasses a review of the proposed apportionment of proceeds, including the amount to be used for attorney's fees and other

4

expenses." *Id.* (citing NRS 41.200(2)(f)). The Nevada Supreme Court found this conclusion was consistent with the general authority set forth in Nevada Rule of Civil Procedure 17(c), which allows the district court to issue any "order as it deems proper for the protection" of a minor. In reaching its decision, the Nevada Supreme Court noted that Nevada Rule of Civil Procedure 17(c) is nearly identical to Federal Rule of Civil Procedure 17(c), which the Ninth Circuit had interpreted as charging the court with a " 'special duty … to safeguard the interests of litigants who are minors'." *Haley*, 128 Nev. at 177, 273 P.3d at 859 (quoting *Robidoux*, 638 F.3d at 1181–82). Citing Ninth Circuit and other federal circuit case law, the Nevada Supreme Court concluded that "NRS 41.200 allows the district court to assess the reasonableness of the petition to approve the compromise of a minor's claim and to ensure the approval of the proposed compromise is in the minor's best interest." *Id.*, 273 P.3d at 860. "This review necessarily entails the authority to review each portion of the proposed compromise for reasonableness and to adjust the terms of the settlement accordingly, including the fees and costs to be taken from the minor's recovery." *Id.*

In this case, the court is informed the minor's mother agreed to a 40% contingency fee agreement after recovery of costs. Counsel for plaintiff graciously agreed to waive fees and seeks only to recover out-of-pocket costs. However, the court has not been provided with information sufficient to assess the reasonableness of the proposed distributions. Accordingly,

**IT IS ORDERED** that the **motion is denied without prejudice.** Plaintiff's counsel shall have until **September 26, 2018** to file a verified petition establishing the reasonableness of the proposed settlement and proposed distribution of settlement proceeds. The verified petition must attach:

1. A copy of the executed settlement agreement;
2. A copy of any written fee agreement between plaintiff and counsel for plaintiff for attorney's fees and costs,
3. An itemization with supporting documentation for costs disbursed by counsel for plaintiff in the prosecution of this case for which reimbursement from settlement proceeds is sought, and

4. The verified petition must be supported by the affidavit of counsel responsible for the billings in the case authenticating the information contained in the verified petition and confirming the itemization of costs was reviewed and that the costs were reasonable and necessary for the prosecution of this case.

DATED this 13th day of September, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE