UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> CLARK COUNTY SCHOOL DISTRICT, <br><br> Defendant. | Case No. 2:16-cv-01696-JAD-PAL <br><br> ORDER <br><br> (Mot Dist – ECF No. 59) |

Before the court is Plaintiff's Verified Petition Establishing Reasonableness of the Proposed Settlement and Proposed Distribution of Settlement Proceeds (ECF No. 59) filed September 26, 2018.

**BACKGROUND**

The plaintiff is the mother of a minor child, Joann Doe, who alleges her daughter was assaulted when she was thirteen years old and enrolled at Jerome D. Mack Middle School as a special-education student. Joann has severe autism and the intellectual, mental, and emotional capacity of a five-year-old child. As part of its special-education curriculum, Mack teaches general life and household skills. These skills are taught in a hallway-like laundry room situated between two other classrooms with a door on either side, a washer and dryer, and a bathroom. The doors on either side have no windows, no locks, and will swing shut automatically unless propped open.

On May 10, 2016, defendant Fausto Barraza-Balcazar ("Barraza"), a special education teaching aide, took Joann and another female student into the laundry room to rotate the laundry from the washing machine to the dryer. While the other student went to the bathroom, Barraza positioned Joann up against the laundry appliances and pressed his body, from chest to thigh, against her backside. Joann's teacher, Natasha Thompson, walked into the laundry room and saw the profile of Barraza pressed up against Joann. Joann then ran into the bathroom. Thompson

reported the incident that afternoon. Barraza was suspended the next day and terminated after an investigation. The Clark County District Attorney's Office charged Barraza with four counts of lewdness with a child under the age of fourteen. Three of these charges were for incidents involving Joann, and the other for an incident involving another female student. Barraza eventually pled guilty to one count of attempted lewdness with a child under the age of fourteen.

After the close of discovery, CCSD moved for summary judgment on the majority of the claims. The plaintiff abandoned several of the claims, except those for negligence/negligent supervision; negligent infliction of emotional distress; and a *Monell*-based civil rights claim under 42 U.S.C. § 1983. In an Order (ECF No. 46) entered March 15, 2018, the district judge granted summary judgment in favor of CCSD on plaintiff's § 1983 and negligent infliction of emotional distress claims but denied the motion for summary judgment on the negligence/negligent supervision claim. She found that there was a material issue of fact concerning whether CCSD breached its duty of care by permitting the aide to be alone with students after the aide received a a prior reprimand for touching a student.

The district judge referred the matter to the undersigned to conduct a settlement conference. At a settlement conference conducted on May 30, 2018, a settlement was reached under essential terms memorialized in Minutes of Proceedings (ECF No. 54). A follow up telephonic status conference was set for June 21, 2018, at 11:00 a.m. At the status conference, counsel for the parties advised the court that the agreements had been drafted. However, plaintiff's counsel was still waiting to hear from Medicaid to determine whether it had an outstanding lien. Plaintiff subsequently filed a motion for compromise of minor's claim after confirming that Medicaid had not asserted a lien. All the settlement and release documents have been executed, and plaintiff sought approval from the court to compromise the claim of the minor plaintiff. However, the motion was not supported by a memorandum of points and authorities and as explained in the Order, (ECF No. 58), the motion was denied without prejudice to allow plaintiff and counsel for plaintiff to file a verified petition. The order addressed the standard for approval of a verified petition and required counsel for plaintiff to file a verified petition establishing the reasonableness

2

of the proposed settlement and proposed distribution of settlement proceeds. The order directed that the verified petition must attach:

1. A copy of the executed settlement agreement;
2. A copy of any written fee agreement between plaintiff and counsel for plaintiff for attorney's fees and costs,
3. An itemization with supporting documentation for costs disbursed by counsel for plaintiff in the prosecution of this case for which reimbursement from settlement proceeds was sought; and
4. An affidavit of counsel responsible for the billings in the case authenticating the information contained in the verified petition and confirming the itemization of costs was reviewed and the costs were reasonable and necessary for the prosecution of this case.

The court has now reviewed the verified petition and supporting exhibits and declarations and finds that plaintiff has established the reasonableness of the proposed settlement and proposed distribution of settlement proceeds. The court finds that the settlement and distribution of settlement proceeds serves the best interests of the minor child. The net recovery to the minor child is fair and reasonable under the totality of the circumstances for the reasons explained below.

This was a difficult case to prosecute. An employee of the school district pled guilty to lewdness with a child under the age of fourteen involving the minor child. The minor child is unable to communicate what happened. There are substantial factual and legal disputes for the jury concerning whether CCSD is liable for its employee's conduct. After the close of discovery, the parties filed motions for summary judgment. The school district sought summary judgment on all of plaintiff's claims. Plaintiff abandoned several of her claims, except for those based on negligence, negligent supervision, negligent infliction of emotional distress, and a *Monell*-based civil rights claim under 42 U.S.C. § 1983. On March 15, 2018, the district judge granted summary judgment in favor of CCSD on plaintiff's § 1983 and negligent infliction of emotional distress claims. The only claims which remained against CCSD were plaintiff's claim for negligence and negligent supervision. These are state law claims which are subject to a statutory cap on liability

and claims for which plaintiff may not recover attorneys' fees. Additionally, the district judge found that there was a material issue of fact concerning whether CCSD breached a duty of care by permitting the aide to be alone with students after a prior reprimand for touching a student. However, that prior reprimand was remote in time and not related to a claim of inappropriate sexual contact that plaintiff raised in this case.

Counsel for plaintiff incurred substantial attorney's fees and costs in prosecuting this case. The plaintiff and her counsel have a written fee agreement which provides for a 40% contingency fee on any recovery after costs. To facilitate settlement plaintiff's counsel agreed to waive all fees and seeks only to recover actual costs incurred in the prosecution of this case. The bulk of those costs consist of expert witness fees necessary to prosecute a case of this nature. The remaining costs consist of court reporting fees and investigative fees related to witness location. Very minor sums were incurred for runner services, court filing fees, deposition subpoena fees, medical records request fees, postage, and shipping costs.

Following the settlement conference, the parties agreed to settle with CCSD paying Joann Doe $50,000 in return for a broad release of all claims through the date of the release. Plaintiff was required to provide her Medicare/Medicaid affidavit with respect to any medical bills alleged as damages arising out of this case. The parties agreed to stipulate to dismiss this case with prejudice with each side responsible for their own attorney's fees and costs. Of the $50,000 in settlement, plaintiff's counsel waived all attorney's fees. Plaintiff's counsel seeks only to recover hard costs in the amount of $44,602.52, with $5,953.21 being distributed to the plaintiff to be deposited in a blocked account on behalf of the minor child.

In assessing the reasonableness of the settlement and proposed compromise of the minor's claim, the court recognizes that less than $6,000 will be deposited in a blocked account on behalf of the minor child. However, after CCSD's motion for summary judgment was decided, the only claims that survived summary judgment were claims for which CCSD was entitled to a statutory damages cap of $50,000. The most plaintiff had any possibility of recovering is $100,000 if the district judge found that plaintiff's negligence and negligent supervision claim were separate claims for which a $50,000 per claim cap applied. To prosecute her case at trial plaintiff would

have incurred substantial additional expert fees and costs running the risk that her costs would exceed her recovery if she prevailed.

The court has reviewed the parties' executed settlement agreement and release of all claims and finds that the agreement contains usual and customary terms for a case of this nature. The court has also reviewed the written contingency fee agreement attached as Exhibit B to the motion. The terms of the agreement entered into on May 10, 2016 provided that the law firm agreed to accept the case on a contingency fee in the amount of 33.333% of the gross proceeds of any amounts recovered before suit. The parties agreed that upon filing the complaint or commencement of arbitration, the contingency fee increase to 40% of gross recovery. If plaintiff received no recovery or lost her case, no attorney's fees would be owed. The written contingency fee agreement also contained detailed provisions regarding costs of the case which would be deducted after attorney's fees are calculated and limited in accordance with the provisions of NRS 18.005.

The contingency fee agreement provided that "reasonable fees of not more than five expert witnesses in an amount of not more than $1,500 for each witness" would be deducted from the client's recovery "unless the court allows a larger fee after determining that the circumstances surrounding the expert's testimony were of such a necessity as to require the larger fee." This provision applies to fees for testimony at trial. In this case, plaintiff's counsel incurred substantial costs in retaining expert witnesses. Written retainer agreements and expert agreements were executed memorializing the terms of the agreement and the scope of services, as well as the cost per hour to be charged. Plaintiff's counsel retained a licensed psychologist and PhD, a forensic expert retained to provide an expert report and opinions regarding compliance and non-compliance with standards of care in terms of appropriate supervision of students, student safety, staff selection, staff training, staff supervision, staff evaluation, policies and procedures, students' rights under 42 U.S.C. § 1983 in compliance with Title IX of the Education Amendments Act of 1972. The court has reviewed the affidavit of counsel and supporting invoices and finds that the fees and costs charged to prosecute the plaintiff's claims were within the range of what is reasonable in this locality.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Plaintiff's Verified Petition to Establish the Reasonableness of a Proposed Settlement and Proposed Distribution of Settlement Proceeds (ECF No. 59) is **GRANTED**.

2. Of the $50,000 settlement reached with CCSD, counsel for plaintiff may distribute $44,602.52 to pay itemized costs as set forth in the verified petition.

3. Of the remaining settlement proceeds, $5,397.48 shall be placed in a blocked trust account until the minor child reaches the age of 18. Funds placed in the blocked account may only be released by further order of the court. An order to release settlement proceeds deposited on behalf of the minor child may only be obtained upon application to this court, and after a final accounting and verification that the minor child has reached the age of 18.

4. Plaintiff shall have until **November 15, 2018**, in which to provide proof of the establishment of a blocked trust account containing the net settlement proceeds as ordered.

DATED this 16th day of October 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE