

|   |   |
|---|---|
| **1** **RAMZY PAUL LADAH** | |
| Nevada Bar No. 11405 | |
| **2** **JOSEPH C. CHU** | |
| Nevada Bar No. 11082 | |
| **3** **LADAH LAW FIRM** | |
| **4** 517 S. Third Street | |
| Las Vegas, NV 89101 | |
| **5** litigation@ladahlaw.com | |
| T: 702.252.0055 | |
| **6** F: 702.248.0055 | |
| **7** *Attorneys for Plaintiffs Jane Doe and Joann Doe* | |

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, individually, and as parent and natural guardian for JOANN DOE, a minor; | Case No.: 2:16-cv-01696-JAD-PAL |
| Plaintiff, | **PLAINTIFF'S EX PARTE MOTION TO EXTEND TIME TO FILE PROOF OF ESTABLISHMENT OF BLOCKED TRUST ACCOUNT** |
| vs. | |
| FAUSTO BARRAZA-BALCAZAR; CLARK COUNTY SCHOOL DISTRICT; DOES 1 through 20; ROE CORPORATIONS 1 through 20, | **(First Request)** |
| Defendants. | |

Plaintiff, JANE DOE, as parent and natural guardian for JOANN DOE, a minor, by and through her undersigned counsel of record, hereby respectfully submits the instant Ex Parte Motion to Extend Time to File Proof of Establishment of Blocked Trust Account. This motion is made and based on LR 6-1, 6-2 and 26-4, the below memorandum of points and authorities, and the pleadings and papers on file herein.

. . .

. . .

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

Plaintiff, the mother of a minor child, Joann Doe, alleges her daughter was assaulted at Jerome D. Mack Middle School, where she was enrolled as a 13-year-old special education student. The instant lawsuit ensued, with Plaintiff asserting claims against Clark County School District ("CCSD") and its former employee, Fausto Barraza-Balcazar (ECF No. 1).

On May 30, 2018, a settlement conference was conducted by the Honorable Peggy A. Leen, whereupon a settlement was reached between Plaintiff and CCSD under essential terms memorialized in Minutes of Proceedings (ECF No. 54).[1]

On October 17, 2018, the Court granted Plaintiff's Verified Petition to Establish the Reasonableness of a Proposed Settlement and Proposed Distribution of Settlement Proceeds (ECF No. 60). The Court concurrently instructed Plaintiff to provide proof of the establishment of a blocked trust account containing the net settlement proceeds by November 15, 2018. *Id.*

## II. STATEMENT OF REQUESTED RELIEF

Plaintiff requests a 21-day extension of time to fulfill her obligation to provide proof of the establishment of a blocked trust account. Plaintiff humbly submits that her inability to fulfill said obligation by the ordered deadline is the result of excusable neglect. *See* LR 6-1(a).

The Court instructed Plaintiff to provide proof of the establishment of a blocked trust account by November 15, 2018. However, Plaintiff's counsel was not advised by CCSD until

---

[1] On October 5, 2016, the district court Clerk entered default against Barraza-Balcazar for his failure to plead or otherwise defend (ECF No. 18). Plaintiff's claims against Barraza-Balcazar, individually, thus remain pending. Pursuant to subsequent court order, Plaintiff currently has 19 days remaining to either file a motion for default judgment or dismiss her claims against Barraza-Balcazar (ECF No. 62).

1 November 6, 2018 that the settlement check had been issued and was available for pickup. The check was picked up by the undersigned's staff the following afternoon. Unfortunately, the check could not immediately be deposited into the blocked account because Plaintiff, herself, was briefly out-of-state and thus unavailable to meet appear locally at the bank.

Earlier this week, Plaintiff and her counsel were advised by employees of the bank that, due to parties being identified as "JANE DOE" and "JOANN DOE" in the pleadings, the bank's legal department would require additional time to verify the parties' true identities and to ensure compliance with internal policies.

Under the collective circumstances, there is good cause to grant the relief request, Plaintiff's failure to timely fulfill her aforesaid obligation is the result of excusable neglect. Rest assured, it is Plaintiff's and her counsel's utmost intention to fulfill this obligation as soon as conceivably possible.

///

///

///

///

///

///

///

///

///

///

///

///

///

3

**III. CONCLUSION**

Accordingly, Plaintiff respectfully requests an order extending the time for Plaintiff to provide proof of the establishment of a blocked trust account containing the net settlement proceeds as ordered (ECF No. 60) to **December 6, 2018.**

DATED this 15th day of November, 2018.

**LADAH LAW FIRM**

*/s/ Ramzy Paul Ladah*

_____

**RAMZY P. LADAH**
Nevada Bar No. 11405
**JOSEPH C. CHU**
Nevada Bar No. 11082
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiffs Jane and Joann Doe*

**ORDER**

Based upon the foregoing Ex Parte Motion to Extend Time to File Proof of Establishment of Blocked Trust Account, the deadline to provide proof of the establishment of a blocked trust account containing the net settlement proceeds as ordered (ECF No. 60) shall be extended to **December 6, 2018**.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 16, 2018